UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SEGUNDO DIMAS PRADO RUIZ**            **DOCKET NO. 2:25-cv-00767**
    **REG. # 67094-018**                            **SECTION P**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**FELIPE MARTINEZ, JR.**                  **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Segundo Dimas Prado Ruiz on June 2, 2025. Doc. 1. The matter is now ripe for review. Ruiz is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Ruiz filed a petition for writ of habeas corpus challenging the determination that he is not eligible to earn federal time credits under the First Step Act because he is an illegal alien. Doc. 1, p. 4. He argues that he was able to earn credits until December 2, 2024, when the Department of Homeland Security filed an "Immigration Detainer- Notice of Action." *Id*. at p. 4. He argues that this is only a detainer, not an order of removal.

Attached to his petition is a copy of the Immigration Detainer- Notice of Action, which establishes that petitioner is, in fact, subject to a final order of removal entered against him as of January 15, 2025, as well as the Individualized Needs Plan which states that he is subject to a final order of removal. Doc. 1-2, p.-2.

## II.
### LAW & ANALYSIS

The FSA authorizes the Bureau of Prisons to grant Federal Time Credits (FTC or "FSA Time Credits") to eligible inmates. *See* 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Activities (PAs)] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 CFR § 523.42(b). Depending on the inmate's status, he may earn either 10 or 15 days for every 30 days of programming. See 28 CFR § 523.42(c).

Assuming he meets the eligibility criteria, and has a term of supervised release as part of his sentence, the BOP may apply those credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3); *see also* 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred."). FSA Time Credits, however,

cannot be applied to the sentence until an inmate has earned credits "in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

Prior to February 6, 2023, BOP policy precluded inmates with any kind of detainer from applying earned credits towards early transfer to supervised release. *See* Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 14 (available at www.bop.gov). However, as of February 6, 2023, detainers, in and of themselves, are no longer considered disqualifying, while inmates with a final order of removal remain ineligible. *See id*.; *see also* 18 U.S.C. § 3632(d)(4)(E) (prisoner with a "final order of removal" is ineligible to apply FSA Time Credits).

Petitioner is subject to a final order of removal and is therefore not eligible to apply the credits he has earned as a matter of law. According to the Immigration Detainer (doc. 1-2, p. 1) and the Individualized Needs Plan (*id*. at p. 2), attached as exhibits to the instant petition, Petitioner is subject to a final order of removal. The documents clearly state that Petitioner is not subject to merely a detainer, but rather, a deportation order. *Id*. The Bureau of Prisons therefore has no discretion in this matter:

> A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E). Because Petitioner is subject to a final order of removal, he is ineligible to have the FSA Time Credits he has earned applied to his sentence.

## III.
### CONCLUSION

For the reasons stated above, Ruiz's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 17th day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE